IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO. 3:95CR200-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL CONRAD WRIGHT, ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the United States, received July 5, 2005. (Document #24)

On January 19, 1996, Defendant pled guilty in this Court to one count of receiving child pornography through interstate commerce in violation of 18 U.S.C. §2252(A)(2). Defendant was originally placed on probation for four (4) years, subject to numerous special conditions. Due to probation violations, on June 6, 1997, Defendant's probationary term was revoked and he was sentenced to forty (40) months imprisonment to be followed by a three (3) year term of supervised release.

In January 2000, Defendant was released from prison and began his term of supervised release in this district. The record reflects that Defendant absconded from supervision in mid-February. On February 24, 2000, the United States petitioned the Court for a warrant to issue for Defendant's arrest due to six (6) alleged Grade C violations. The violations alleged in part: 1) that Defendant possessed pornography or sexually explicit materials; 2) that Defendant failed to register with the Mecklenburg County Sheriff's Department as a sex offender; and 3) that on February 14, 2000, Defendant attempted to solicit sexual acts from a 19-year-old male. In its violation report, the U.S. Probation

1

Department recommended that Defendant's term of supervision be revoked. A warrant for Defendant's arrest was issued immediately.[1]

Since this Court's last direct contact with Defendant, Defendant has been convicted of three (3) counts of second-degree child molestation in the State of Washington. As a result, Defendant was sentenced to eighty-nine (89) months in the Washington Department of Corrections on those offenses. Defendant is now due to be released from state custody tomorrow, July 6, 2005.

The Government requests that the federal arrest warrant issued by this Court in 2000 be stricken so that the State of Washington, via its Attorney General, may pursue an involuntary civil commitment under state legislation known as the Sexually Violent Predator Act ("SVPA"). According to state officials in Washington, the SVPA permits the State to involuntarily commit to a secure mental health facility persons who:

> 1) Have been convicted of a sexually violent offense;
> 2) Currently suffer from a mental disorder; and
> 3) As a result of the person's mental disorder, the person is more likely than not to engage in predatory acts of sexual violence unless confined in a secure facility.

Rev. Code of Washington Chapter 71.09.020(16).[2] If all of the criteria are met, the SVPA provides for an indefinite civil commitment to the custody of the Department of Social and Health Services. In other words, Defendant would not be released from a secure mental health facility until his condition was such that he no longer met the definition of a sexually

---

[1] Because Defendant has been in state custody, the federal warrant has not been executed to date.

[2] A similar statutory scheme has been upheld by the United States Supreme Court. Kansas v. Hendricks, 52 U.S. 346, 117 S.Ct. 2072 (1997).

violent predator, or conditional release to a less restrictive alternative was in the best interest of the Defendant and conditions can be imposed that would adequately protect the community.

In Washington State, Thurston County Superior Court, the Attorney General for Washington has initiated civil proceedings against Defendant Wright pursuant to SVPA. As the Court understands it, pursuant to statutory procedures, the federal warrant and detainer that exists effectively prohibits local law enforcement from obtaining custody of the Defendant upon his release from state custody. Thus, if Defendant is placed in federal custody as a result of the federal detainer and pending Supervising Release Violation, state authorities may not be able to pursue the SVPA action.[3]

In support of its motion, the Government provides documentation suggesting Defendant Wright will, in fact, meet the criteria for an indefinite civil commitment pursuant to Washington's SVPA. Indeed, a psychological evaluation of the Defendant conducted by Dr. Christopher North, Ph.D., at the request of the Department of Corrections in Washington, reveals that Defendant's primary diagnosis is pedophilia. In addition, Dr. North opines that Defendant continues to be a risk as a violent sexual predator, particularly with regard to adolescent boys. U.S. Probation, Western District, is in agreement that, if successful, an indefinite involuntary civil commitment is appropriate in this case. For these reasons, the Court will quash or suspend execution of the arrest warrant, thereby authorizing the U.S. Marshal to lift the federal detainer on this Defendant. In the event the

---

[3] If Defendant is found to have violated his terms of supervised release in this Court, the guideline range is 3 to 9 months, with a statutory maximum sentence of up to 2 years. (Document #23)

3

state civil action is unsuccessful, this criminal matter shall be reopened for purposes of further action based upon the alleged violations identified with in the February 24, 2000 petition.

**IT IS, THEREFORE, ORDERED THAT:**

1) The Government's Motion To Quash Warrant And Lift Detainer is hereby **GRANTED, WITHOUT PREJUDICE**;

2) The warrant for arrest issued on February 24, 2000, pursuant to the Petition For Warrant Or Summons For Offender Under Supervision, is hereby **QUASHED (and execution SUSPENDED)**;

3) The U.S. Probation Department is directed to maintain regular contact (*e.g.*, every 90 days) with the Attorney General of Washington, Department of Social and Health Services, and / or other designated state or local agency for purposes of tracking the state civil proceedings against Defendant Wright pursuant to SVPA;

4) If necessary, upon request of the Government and / or U.S. Probation, the Court may reopen these criminal proceedings should the civil action in the State of Washington ultimately be unsuccessful; and

5) The Clerk of Court shall send a copy of this Order to Defense Counsel, U.S. Attorney's Office, U. S. Probation, and the U.S. Marshal's Service.

**Signed: July 5, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge